PETER SCHAEFER, Respondent, v. WILLIAM GREEN, Appellant.

St. Louis Court of Appeals, December 15, 1896.

1. **Account:** AMENDMENT, SUFFICIENCY OF. In a suit on account, an amendment of an item of the account "To bill rendered, $138.68," so as to read "To bill rendered and account stated thereon, $138.68," where plaintiff's evidence was that, prior to the date of such item, he had performed work and furnished materials on defendant's house, that he and defendant had a settlement of their accounts, and that defendant agreed that a balance—the amount of such item, was due from him, was sufficient to prove "an account stated" as to such item; and a complaint that the evidence did not prove the essentials of "an account stated," if it had any force, might be disposed of by treating the account as containing two causes of actions, no objection being made to the commingling of independent causes of action, or that the verdict was a general one; or such item might be considered as an item in the new account, making the action one on open account, of which such item is the balance due on an account stated.

2. ———: ———: FAILURE TO RENEW OBJECTION TO, ON MOTION FOR NEW TRIAL: WAIVER. Where an objection to an amendment of a complaint is not renewed on motion for new trial, the objection and exception will be considered as having been waived.

Schaefer v. Green.

3. ———: JUSTICE'S COURT: CHANGE OF VENUE: IMPERFECT TRAN-
SCRIPT: JURISDICTION. On a change of venue in a case brought
before a justice, where the justice to whom the case was sent had
jurisdiction of the class of cases to which the case belongs, and the
amount was within his jurisdiction, and the parties voluntarily ap-
peared before him and without objection went to trial, an objection
here to his jurisdiction and that of the circuit court, on the ground
that the justice before whom the suit was instituted failed to certify
to the transcript, is without any merit.

*Appeal from the St. Louis City Circuit Court.*—HON.
JOHN M. WOOD, Judge.

AFFIRMED.

*Webster & Webster* for appellant.

The plaintiff's action was upon an account stated,
but the evidence failed to disclose the necessary ele-
ments of the account stated. The judgment is not
supported by any evidence sufficient, under the instruc-
tions, to sustain it. *Reinhart v. Hines*, 51 Miss. 344;
*Hanson v. Jerome*, 54 N. Y. 408; *Road v. Kimmel*, 58
Mo. 83.

The amendment of the statement should not have
been permitted. "Balance due" is insufficient, unless
something is added to show for what it is due. *Patter-
son v. Lutz*, 1 Mo. App. 133; *Swartz v. Nicholson*, 65
Mo. 508; *Rosenburg v. Boyd*, 14 Mo. App. 429; *Brashear
v. Strock*, 46 Mo. 221.

The proceedings before the justice who rendered
the judgment and in the circuit court were *coram non
judice*. The justice could only have acquired jurisdic-
tion by the filing of a transcript upon the change of
venue. The instrument filed was not a transcript,
because not certified to by the justice who granted the
change of venue. R. S. 1889, secs. 6241, 6242.

The appearance of defendant might constitute a
waiver of lack of jurisdiction of the person, but juris-
diction of the subject-matter must exist or be con-
ferred by law. *Collier v. Wilson*, 56 Mo. App. 420.

*James R. Kinealy* for respondent.

Plaintiff's action was not based upon an account stated, but an open account, the first item of which was a balance due on an account stated, which did not prevent it from being incorporated in and made part of the account sued on. *Estes v. Shoe Co.*, 54 Mo. App. 543.

There is no question as to the amendment of the statement saved for review by this court. That matter was not referred to by defendant in his motion for new trial. Moreover, the amendments were authorized by statute (sec. 6347). The objection by defendant to the first item of the account was not an objection to the account as a whole. *Heweg v. Heitcamp*, 20 Mo. 568. See, also, *Newberger v. Friede*, 23 Mo. App. 631; *Hanson v. Jones*, 20 *Id.* 595; *Sprague v. Follett*, 90 Mo. 547; *Rathburn v. Teeter*, 25 Mo. App. 283.

After appearing before Justice Spaulding, taking a change of venue, and then before Justice Hennessy and trying the case on its merits, and appealing to the circuit court and again trying the case on its merits, it is too late for appellant to say the judgment was rendered without jurisdiction of the subject-matter. *State v. Weatherby*, 45 Mo. 17; *Rosenheim v. Hartsock*, 90 *Id.* 365; *Hope v. Blair*, 105 *Id.* 93; *Musick v. R'y*, 114 *Id.* 309.

There is nothing in the point that Justice Hennessy had no jurisdiction because the transcript was not certified to. Sec. 6339, R. S. 1889; *Barn v. Blomberg*, 37 Mo. App. 604; *Collier v. Wilson*, 56 *Id.* 420.

BIGGS, J.—This is an action on an account. The following statement of the account was filed before the justice:

Schaefer v. Green.

Mr. William Green bought of P. Schaefer & Co., Plumbers, Gas and
    Steam Pipe Fitters:

1893.

| | | |
|---|---|---|
| Sept. 9, to bill rend.. .... .......... ................ | | $138 68 |
| May 5th, by cash .. .......... ................ ...$25 00 | | |
| May 24th, by cash........ .................. ...... .... 25 00 | | |
| July 6th, by cash............. ...:......... ........ 25 00 | 75 00 | |
| | | |
|     To balance........... .................... .......... | $63 68 | |
| Nov. 3rd, 23 ft. 3-8 pipe ....... ...... ........................ | $ 1 15 | |
|   "   "   2-1-4 in. burner cock................................. | 70 | |
|   "   "   5 ft. 1-4 in. pipe............................ | 25 | |
|   "   "   1-3-8 stop cock............................ .......... | 50 | |
|   "   "   6 fittings............................................ | 35 | |
|   "   "   2 hours time ......... ...,............. | 1 50 | |
| Nov. 11, 3 ft. 1-1-4 in. waste pipe......... . ....... ........ | 1 05 | |
|   "   "   2 lbs. solder.... ......... .............. | 50 | |
|   "   "   2 lbs. lead.................... ............. | 10 | |
|   "   "   6 hours time changing soil pipe ..................... | 5 50 | |
| Jan. 27, to rep. gas leaks and time.................., ... .... | 1 50 | |
| April 28, to rep. closet, new washers, new float, and taking down | | |
|     fixtures and time. ............................ ....·...... | 2 75 | |
| | $79 53 | |

When the case reached the circuit court the first
item of the account was amended by adding the words
"and account stated." At the trial the item was
further amended by adding the word "thereon," mak-
ing the item read "to bill rendered and account.stated
thereon $138.68." The defendant objected and ex-
cepted to the last amendment. The cause was sub-
mitted to the court without a jury and the judgment
was for the balance sued for with interest added. The
defendant has appealed.

The defendant's first complaint is that the evidence
does not prove the necessary elements of "an account
stated." This is upon the theory that the

ACCOUNT: amend-
ment: sufficien-
cy of.

action can only be treated as one on an
account stated. The defendant's conten-
tion is well founded as to the last items of the account,
beginning with that of November 3, 1893, but it is

unfounded as to the other charge of date September 9. Concerning that item the plaintiff's evidence was to the effect that prior to that date he had performed work and furnished plumbing materials on the defendant's house; that plaintiff and defendant met and had a settlement of their accounts, and that the defendant agreed that a balance of $138.68 was due from him, which he agreed to pay. This evidence was sufficient to prove "an account stated" as to that item. If there is any force in the defendant's objection, it can be disposed of by treating the account as containing a statement of two causes of action, the defendant having made no objection to the commingling of independent causes of action, or that the verdict was a general one. Or the item of September 9 may be regarded as an item in the new account (*Estes v. Brown*, 54 Mo. App. 543), which would make the action entirely one on open account, of which the first item is the balance due on an account stated. In any event we can not conceive how the defendant was prejudiced.

The objection to the amendment of the complaint

FAILURE to object to amendment on motion for new trial: waiver.

was not renewed in the motion for a new trial, therefore the objection and exception as to that must be considered as having been waived.

The case was first instituted before Justice Spaulding. The defendant appeared before him and applied for a change of venue. The case was sent to Justice Hennessy. Spaulding sent the original

JUSTICE'S court: change of venue: imperfect transcript: jurisdiction.

papers to Hennessy, but he failed to certify to the transcript. Hennessy issued a new summons, which was served. In obedience to it the defendant appeared and went to trial. Judgment went against him and he appealed to the circuit court. The point is now made by his counsel that by reason of the imperfect transcript Hennessy

acquired no jurisdiction of the case, and therefore the circuit court acquired none on appeal. As Hennessy had jurisdiction of the class of cases to which this belongs, and the amount was within his jurisdiction, and as the parties voluntarily appeared before him and without objection went to trial, it could make no difference that the transcript of Spaulding was defective or that he had furnished none at all. But if there could be any objection on that score, it was obviated by the action of Hennessy in issuing a new summons which was duly served on the defendant, and in obedience to which he appeared to the action. The action could very well be treated as having been reinstituted before Hennessy. We therefore conclude that there is likewise no merit in this objection.

Finding no reversible error in the record, we will affirm the judgment. It is so ordered.